Tucker, P.
Yarious objections have been made to the decree in this case, none of which appear to me to be substantial.
It has been decided by this court, that a party injured may, under particular circumstances, pursue his remedy in equity against the executor and his sureties, without a previous suit to establish a devastavit. It is not pretended, that the remedy has not been properly resorted to in this case; but it is contended, that as the plaintiff comes into equity, instead of suing upon the bond at law, he is bound to submit to the rule of equity, which will first decree against the principal, and subject the sureties only in the event of that decree being unavailing. Such, I take it, is without question the practice of the court where such a measure can be adopted, “without any material delay or injury to the creditor;” 2 Rand. 400. And if Buller Claiborne and Isham Dabney had been alive at the date of the decree, it ought to have been entered against them, in the first instance. However, they being dead, it was entered very properly against their estates in the hands of their personal representatives; and on this decree a fieri facias has been returned nulla bona testator is. But, it is contended, that the plaintiffs should then have proceeded to have the accounts of the administrators of Claiborne and Dabney settled, in order to a decree against them personally, if a devastavit should be established. I think not. This would indeed be to impose too onerous terms on the creditor. He ought not to be de *19 layed in his recovery, until he has pursued the personal representatives of the principal to the utmost limit of litigation. Tiie surety must be content with his right of subrogation, and take upon himself that pursuit, as the consequence of his having become sponsor for the principal.
For a like reason, I do not think there was any obligation in the creditor to pursue the heirs of Butter Claiborne. Indeed, in this case, it might well admit of question, whether if the Ohio land be not sold, the courts in Virginia could charge it; or, if it be sold, whether by the law of Ohio, the heir is chargeable by reason of the descent of the land. These are interesting questions, but not necessary to be settled in this case, unless the sureties asserting their right of subrogation, should directly present it.
As to the objection that this decree is rendered against two only of four sureties, the answers are plain: that as to Ishami Dabney, this decree was not rendered against him, because the former decree had been already so rendered, and found unavailing: and that as to Pegram, enough appears in the record, to shew that he was hopelessly insolvent, and no attempt was made by the appellants, at the last hearing, to prove the contrary. As to the proceeding by notice, this is expressly sustained by Jones v. Hobson, 2 Rand. 487. on the authority of the case of Sheppard v. Starke, 3 Munf. 29.
It remains but to add, that I think the sheriff’s sureties are responsible under his official bond, for his devastavit of the estate committed to him, and that Dry denis case is not to be considered as an authority to the contrary. The reasoning of the court in that case, it is believed, will not be found applicable to this. It was contended, indeed, that the sureties are not liable for any waste committed after the expiration of the term, for which Claiborne was commissioned. I cannot think so. The estate was committed to him within that term. The statute made no provision for transferring the administration to a succeeding sheriff, and the sheriff to whom the estate is once committed, must therefore proceed with the administration until it is complete. If the trust is *20 reposed within the period within which the sureties are bound, they are responsible, whenever there is a breach of that continuing trust, whether .before or after the expiration ‘ of that term; in like manner as sureties are responsible for non~Payment °f money made by sale under execution, though made after the expiration of the sheriffs’s term, the levy having been made before its expiration.
Cabell and Carr, J. concurred. Decree affirmed.